IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01110-TPO

fnu NIDYAWATI,

      Petitioner,

v.

JUAN BALTASAR, Warden,
GEO Group ICE Processing Center;

GEORGE VALDEZ, Denver Field Office Director,
U.S. Immigration and Customs Enforcement,

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security,

DAVID VENTURELLA, Acting Director,
U.S. Immigration and Customs Enforcement, and

TODD BLANCHE, Acting U.S. Attorney General,

in their official capacities,[1]

      Respondents.

---

**ORDER**

---

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter is before this Court upon Petitioner's Petition for a Writ of Habeas Corpus.

ECF 1. Pursuant to 18 U.S.C. § 636(c), the Parties consented to this Court's jurisdiction for all

purposes [ECF 7], and Chief District Judge Domenico referred this case to this Court for final

disposition [ECF 9]. The Petition became ripe for review with the filing of the Respondents'

---

[1] Pursuant to Fed. R. Civ. P. 25(d), this Court updates the case caption with the names of those Respondents who are the current office holders.

Response [ECF 8] and Petitioner's Reply [ECF 10]. Then, on June 4, 2026, this Court heard arguments on the Petition and its briefing [ECF 14], after which the Parties filed Supplemental Briefs [ECF 15 & 16]. In its Supplemental Brief, Respondents note that they are "not continuing their opposition to the Petition." ECF 16 at 3. As a result, this Court **grants** the Petition.

### **BACKGROUND**

Petitioner is a citizen of Indonesia. ECF 1 ¶¶ 1, 11, 49. Petitioner entered the United States in August 2000 on a B2 visitor visa. ECF 8-1 ¶ 5. In 2003, immigration officials served Petitioner with a Notice to Appear, charging her with being removable and placing her in removal proceedings. ECF 8-1 ¶ 6. On May 24, 2005, an immigration judge ordered Petitioner removed but withheld removal to Indonesia. ECF 8-1 ¶ 7; ECF 1 ¶¶ 1, 50; ECF 1-2; ECF 1-3.

Petitioner asserts that she was granted a work permit and that she remained compliant with all terms set by Immigration and Customs Enforcement (ICE). ECF 1 ¶¶ 1, 52-53. Petitioner informed Immigration and Customs Enforcement (ICE) of her new address in Colorado. ECF 8-1 ¶ 8. On November 22, 2025, the Department of Homeland Security (DHS) issued Petitioner an Order of Supervision. ECF 1 ¶ 55; ECF 1-3.

On March 11, 2026, ICE re-scheduled an in-person appointment at which time ICE officials arrested her and took her into custody. ECF 1 ¶¶ 56-57; ECF 8-1 ¶ 9. It is undisputed that she remains in ICE custody. Deportation Officer Dakota Jackson explains, generally, that Petitioner is detained while ICE works to remove her to a country other than Indonesia. ECF 8-1 ¶ 12. Petitioner denies any basis for the arrest such as any non-compliance with the terms of her supervision; criminal record; or an identified third country for removal. ECF 1 ¶¶ 56-57.

Petitioner filed her Petition for Writ of Habeas Corpus on March 18, 2026. Thereafter, on

April 4, 2026, ICE served Petitioner with a Notice of File Custody Review. ECF 8-1 ¶ 11. A

hearing was scheduled for June 8, 2026. ECF 12-1. However, as of June 12, 2026, Petitioner's

attorney did not know "whether a review occurred, and if so, the results of this review." ECF 15

at 7.

## LEGAL STANDARD

A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a

person in custody upon the legality of that custody, and . . . the traditional function of the writ is

to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also*

*McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is

warranted only if Petitioner "is in custody in violation of the Constitution or laws or treaties of

the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly

brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004)

(citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## ANALYSIS

Respondents no longer oppose the Petition. ECF 16. Therefore, this Court grants the

Petition. This Court therefore orders Petitioner's release from custody pursuant to 28 U.S.C. §

2241(c)(3) and pursuant to the conditions of the OSUP that were entered on November 22, 2025.

For the reasons stated herein, it is ORDERED that:

1) the Petition for a Writ of Habeas Corpus [ECF 1] is **GRANTED;**

2) Respondents shall release Petitioner from custody **within 24 hours** of the time when this Order is docketed onto the case docket sheet;

3) Respondents shall release Petitioner pursuant to the terms and conditions of the November 22, 2025 OSUP; and

4) Respondents shall file a Status Report **on or before July 6, 2026**, informing the Court of the status of Petitioner's release and whether any additional proceedings are necessary.

DATED at Denver, Colorado, this 2nd day of July, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge